**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| **KIM MILLBROOK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Cause No. 2:10-cv-246-WTL-WGH |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendants.** ) | |

## ENTRY ON PLAINTIFF'S MOTION TO AMEND

The cause comes before the Court on the Plaintiff's motion to amend. Dkt. No. 76. In this motion, Plaintiff Kim Millbrook ("Millbrook") moves to amend his complaint to increase the damages alleged from $50,000 to $500,000. The Government opposes Millbrook's motion, arguing that a Federal Tort Claims Act ("FTCA") claimant may not recover a sum in excess of the amount of the claim presented to the federal agency.

The FTCA generally limits the amount of damages sought by an aggrieved party to the amount requested in an administrative claim. 28 U.S.C. § 2675(b). "The goal of [this] requirement is to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions." *Reilly v. United States,* 863 F.2d 149, 173 (1st Cir. 1988) (quotations omitted).

The FTCA provides an exception, however, in those circumstances where "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The plaintiff bears the burden of proving newly discovered evidence or intervening facts. *Zurba v. United States,* 318 F.3d 736, 739 (7th Cir. 2003).

To this end, Millbrook asserts that his newly discovered evidence consists of permanent nerve damage in his left index finger; constant pain in his right wrist and left elbow; arthritis in his wrist and finger; nightmares; depression; suicidal tendencies; paranoia; post-traumatic stress bipolar disorder; and trouble bending his finger and wrist due to the December 11, 2009, incident. He alleges that these symptoms were not discovered until after the medical assessment by the nurse on December 12, 2009.

As the Government points out, Millbrook must come forward with objective evidence that these new symptoms were not reasonably discoverable before he filed his administrative claim. *Michels v. United States*, 31 F.3d 686, 689 (8th Cir. 1994). However, the Court believes that the best practice is to permit Millbrook to present evidence of these allegedly later-developing injuries at trial. Such evidence should speak to when it was reasonably discoverable that Millbrook suffered these additional injuries. Following the presentation of Millbrook's evidence, the Court will then ascertain whether Millbrook has presented evidence sufficient to permit him to recover in excess of his initial administrative claim. *See id.* at 687 (district court deferred ruling on motion to increase damages until after trial). Accordingly, the Plaintiff's motion is **TAKEN UNDER ADVISEMENT.**

SO ORDERED: 03/25/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copies by United States mail to**     Kim Millbrook
Reg. No. 13700-026
U.S. Penitentiary
Post Office Box 1000
Lewisburg, PA 17837

Copies to all counsel of record via electronic communication.